The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action against respondent Gary David Ansel, seeking reciprocal discipline after Ansel was suspended for 6 months and 1 day in Arizona. In re Ansel , PDJ-2017-9020-PV, 2017 WL 2496230, at *1 (Presiding Disc. Judge of Ariz. Sup. Ct. Apr. 14, 2017). Ansel initially received a public order of admonition in Arizona for failing to maintain trust account books and records, negligently misappropriating client funds, and failing to cooperate in a disciplinary investigation and was placed on probation for 1 year. See Ariz. Sup. Ct. R. 42, ER 8.1(b); 43(b)(1)(C); 43(b)(2)(B)-(D); 43(b)(3)(C); 54(d)(2); 54(d)(2)(C). He was later suspended for 6 months and 1 day for failing to comply with the terms of his probation.
After Ansel failed to file an answer, we deemed the allegations in the petition admitted. We ordered Ansel to inform us whether he thought reciprocal discipline is warranted and the reasons for his view and permitted the Director to file a responsive brief. See Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR). Only the Director filed a brief on whether reciprocal discipline is warranted. She argues the court should impose reciprocal discipline.
When an attorney has been publicly disciplined in another jurisdiction, we impose reciprocal discipline "unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Id . "Unless [we] determine[ ] otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota." Id.
The disciplinary proceedings in Arizona were fair. The imposition of the same discipline would not be unjust or substantially different from discipline warranted in Minnesota.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Gary David Ansel is suspended from the practice of law, effective 14 days from the date of the filing of this order, with no right to petition for reinstatement for 6 months and 1 day from the effective date of the suspension.
2. Respondent may petition for reinstatement under Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, see Rule 18(e)(2), RLPR, and satisfaction of continuing legal education requirements, see Rule 18(e)(4), RLPR.
3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs under Rule 24, RLPR.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice